UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| INGEBORG BOUDREAU,      : | |
|          Plaintiff,          : | |
|                              : | |
| v.                           : | Case No: 3:04cv1471 (PCD) |
|                              : | |
| MARIO GONZALEZ, TOWN OF      : | |
| GREENWICH, GREENWICH LIBRARY, : | |
| VIRGINIA V.F. DAY, DAVID ORMSBY : | |
| and BOARD OF TRUSTEES OF     : | |
| GREENWICH LIBRARY,           : | |
|          Defendants.         : | |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff moves, pursuant to Local Rule of Civil Procedure 7(c), for reconsideration of this Court's September 8, 2006 order insofar as it relates to certain documents withheld by the Town of Greenwich (the "Town") on the ground of attorney-client privilege. Defendant Town has submitted a memorandum in opposition to Plaintiff's motion. For the reasons that follow, Plaintiff's Motion for Reconsideration [Doc. No. 123] is **granted**, however, the prior ruling is adhered to.

**I.     BACKGROUND**

The parties participated in a settlement/status conference on May 22, 2006, after which this Court entered an Order Re Pending Discovery Motions. This Order required, *inter alia*, that the Town produce, for *in camera* review, documents that it was claiming privilege over, including: (1) documents relating to the investigation that formed the basis for Plaintiff's termination; (2) the Town Human Resources file and (3) the Town Counsel file. (Order, May 22, 2006, Doc. No. 89.) Defendant was ordered to produce these documents to the Court along with

a memorandum containing Defendant's arguments with regard to the attorney-client privilege on or before June 9, 2006 and Plaintiff was given until June 16, 2006 to respond. Following Defendant's motion for extension of time and the parties' joint motion for extension of time, the deadlines were amended such that Defendant had until June 30, 2006 to file its privilege log and brief, Plaintiff had until July 14, 2006 to respond, and Defendant had until July 24, 2006 to file a reply brief. Defendant timely filed its privilege log and brief, however, on July 11, 2006, Plaintiff moved for another extension of time. The motion was granted and the deadlines were again extended, such that Plaintiff had until August 4, 2006 to respond to Defendant's brief and Defendant had until August 14, 2006 to file its reply. On August 4, 2006, the parties filed a Motion for Referral to Magistrate for Mediation. The motion was granted, and the Court scheduled a settlement conference with PJO David Schancupp on September 8, 2006. The Library Defendants moved for this conference to be continued until September 22, 2006, and that motion was granted.

     Although the parties understood all deadlines to be stayed until after the settlement conference, the Court did not. On September 8, 2006, after reviewing the documents and Defendant's memorandum regarding attorney-client privilege, the Court entered an order with regard to the documents submitted for *in camera* review. In this order, the Court ordered the Town to produce: (1) from the Town Counsel file, the final draft of a letter to Plaintiff dated March 19, 2004 and the letters from Mary E. Sommer to Maureen L. Kast, dated March 12, 2003 and March 26, 2004, and (2) from the Human Resources file, the memorandum from Alfred C. Cava to Inga Bourdeau, dated August 23, 2001. (Order, Sept. 8, 2006, Doc. No. 118.) The Court found that the other documents were protected by the attorney-client privilege and/or the work

product doctrine and should not be produced. (Id.) Following the September 22, 2006 conference, the Court issued an order permitting Plaintiff to respond to the Town's attorney-client privilege claims on or before September 29, 2006. (Order, Sept. 22, 2006, Doc. No. 122.) Plaintiff filed the instant Motion for Reconsideration on September 29, 2006.

## II.  DISCUSSION

Plaintiff moves for reconsideration of the Court's September 8, 2006 order, and asks the Court to order the Town to produce all documents relating to its investigation of Plaintiff from November 2003 through March 2004. Moreover, in her Reply to Defendant's Opposition, Plaintiff asks the Court to order the Town to produce all documents listed on their two privilege logs and all other documents relating to the 2001 investigation and to Plaintiff's termination.[1] The Court finds Plaintiff's arguments unavailing and holds that Plaintiff is not entitled to any of the documents listed in the Town's privilege logs.

First, Plaintiff argues that the protection of the attorney-client privilege does not extend to factual information which both Defendant Gonzalez and the Town Personnel Officer were required to maintain according to the Town's personnel policies. The Connecticut Supreme Court has held that "[a] communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." Ullmann v. State, 230 Conn. 698, 713, 647 A.2d 324 (1994). The Court has not found, however, that any of the communications from attorney to client here were solely

---

[1] The Town argues that Plaintiff waived any arguments with regard to documents relating to the 2001 investigation by not raising them in her initial motion for reconsideration. Since the Town was given an opportunity to respond to these arguments, however, the Court will consider them here.

regarding a matter of fact; all appear to be linked to the giving of legal advice. As such, the attorney-client privilege protects these communications. See State v. Gordon, 197 Conn. 413, 423, 504 A.2d 1020 (1985) ("communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice").

Second, Plaintiff argues that the Town and the Library Defendants rely on their conduct during the investigation to support their affirmative defenses and counterclaims and as such, have placed documents relating to their investigation of Plaintiff "at issue." Under Connecticut law, the "at issue" doctrine operates as an exception to the attorney-client privilege "only when the contents of the legal advice are integral to the outcome of a legal claim or cause of action," i.e., "'when a party specifically pleads reliance on an attorney's advice as an element of a claim or defense, voluntarily testifies regarding portions of the attorney-client communication, or specifically places at issue, in some other manner, the attorney-client relationship.'" McLaughlin v. Freedom of Info. Comm'n, 83 Conn. App. 190, 195, 850 A.2d 254 (2004) (quoting Metropolitan Life Ins. Co. v. Aetna Casualty & Surety Co., 249 Conn. 36, 53, 730 A.2d 51 (1999)).

The basis for Plaintiff's claim that the at issue doctrine applies is the allegation in the Library Defendants' counterclaim that:

> Mr. Gonzales reported irregularities in Boudreau's requests for reimbursement of registration and travel expenses to the Library Board of Trustees, to the Town's Human Resources Department and the Town Attorney. At the Town Attorney's request, on February 6, 2004, Mr. Gonzales and Board President Ormsby met with the Greenwich Police Department to discuss possible larceny of funds by Plaintiff .
> . . .

(Library Defs.' Counterclaims ¶ 5.) Although the Library Defendants appear to allege that their

decision to meet with the Greenwich Police Department was motivated in part by the Town Attorney's advice, this allegation does not constitute a general claim that Defendants relied on advice of counsel in deciding to terminate Plaintiff's employment.  Rather, this is an inessential statement that does not operate to place the Town Attorney's notes and advice "at issue."  Similarly, Defendants' allegation that Plaintiff misrepresented information regarding the New York seminar makes information relating to their investigation relevant, but does not operate to place at issue the advice and notes of counsel.  Finally, the Town's Fourteenth Affirmative Defense, which claims that "[a]t all times relevant hereto, the Town acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines," is a general denial, and again does not place their attorneys' notes and advice at issue.  The Court does not find that the "contents of the legal advice" at issue here are "integral to the outcome" of Plaintiff's case.  Defendants' general denials of Plaintiff's allegations are not sufficient to place legal advice and work product "at issue."

     Plaintiff also claims that certain documents relating to the Town's administrative investigation and basis for termination are not protected under the work product doctrine.  "The work-product doctrine, codified for the federal courts in Fed. R. Civ. P. 26(b)(3), is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11, 67 S. Ct. 385, 393-94, 91 L. Ed. 451 (1947)).  The work product doctrine protects

"documents and tangible things . . . prepared in anticipation of litigation or for trial."[2] Fed. R. Civ. P. 26(b)(3). The party invoking the work product doctrine bears the burden of establishing all its elements. United States v. v. Construction Prods. Research, 73 F.3d 464, 473 (2d Cir. 1996). The Supreme Court has made clear that documents that "tend[] to reveal the attorney's mental process" receive special protection not accorded to factual material. Upjohn Co. v. United States, 449 U.S. 383, 399, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). Special treatment for this "opinion work product" is justified because, "at its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238, 95 S. Ct. 2160, 2169, 45 L. Ed. 2d 141 (1975).

Plaintiff argues that the documents prepared during the Town's investigation and termination of Plaintiff were not prepared "in anticipation of litigation." Most of the documents are protected by the attorney-client privilege, however, those that are not are protected by the work product doctrine. Although a complaint had not been filed and the Town had not advised Plaintiff of the investigation, it is clear that the documents were prepared "in anticipation of" or "with an eye toward litigation."[3] (See Gerrish Aff., ¶ 9, June 26, 2006, Ex. G to Town's

---

[2] The Second Circuit has held that "documents should be deemed prepared 'in anticipation of litigation,' and thus within the scope of the Rule, if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" Adlman, 134 F.2d at 1202 (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 Federal Practice & Procedure § 2024, at 343 (1994)).

[3] This is not a narrowly construed requirement. In Adlman, the Second Circuit held that "a requirement that documents be produced primarily or exclusively to assist in litigation in order to be protected is at odds with the text and the policies of the Rule. Nowhere does Rule 26(b)(3) state that a document must have been prepared to aid in the conduct of litigation in order to constitute work product, much less primarily or exclusively to aid in litigation. Preparing a document 'in anticipation of litigation' is sufficient." 134 F.3d at 1198. The Adlman court went on to say that

6

Compliance with Order re Pending Discovery Motions Paragraphs V and VI ("The legal advice and counsel rendered by me in this matter was provided in anticipation of litigation.").)

Plaintiff correctly argues that documents ordinarily protected by the work product doctrine may be discoverable "upon a showing of substantial need and inability to obtain the equivalent without undue hardship." Upjohn, 449 U.S. at 400. Even if Plaintiff succeeds in making this showing, however, Rule 26(b)(3) provides that the court "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." See Adlman, 134 F.3d at 1197, 1199 (holding that "Rule 26(b)(3) is intended to ratify the principles that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side") (internal citations omitted). The Court finds that the documents sought relating to the investigation of Plaintiff from the Town Counsel file constitute "mental impressions, conclusions, opinions, or legal theories of an attorney" and therefore, are privileged and not discoverable.

Plaintiff also claims that the report generated by Attorney Shari Goodstein, an attorney with Shipman & Goodwin who was retained by the Town in 2001 for the purpose of investigating allegations made by Plaintiff about Defendant Gonzalez, is discoverable. In

---

"Rule 26(b)(3) does not limit its protection to materials prepared to assist at trial," but rather "sweeps more broadly." Id. Finally, the court held that "the policies underlying the work-product doctrine suggest strongly that work-product protection should not be denied to a document that analyzes expected litigation merely because it is prepared to assist in a business decision. Framing the inquiry as whether the primary or exclusive purpose of the document was to assist in litigation threatens to deny protection to documents that implicate key concerns underlying the work-product doctrine." Id. at 1199.

support of this position, Plaintiff argues that Defendant Gonzalez and former Human Resources Director Al Cava characterized Attorney Goodstein's role as a "mediator" of the issues between Mr. Gonzalez and Plaintiff. The Town argues, however, that the term "mediator" was coined by Plaintiff's counsel and did not originate with Mr. Cava at his deposition. (See Cava Dep. at 33:24-34:7, Mar. 23, 2006, Ex. C to Pl.'s Reply.) In his cross-examination, Mr. Cava confirmed that the services of Attorney Goodstein were retained for the purpose of obtaining legal advice regarding Plaintiff's 2001 complaint of harassment. (Id. at 57:1-8, Ex. 1 to Town's Surreply.) Moreover, in a March 16, 2006 letter to Town attorneys, Attorney Goodstein wrote that "in 2001, Shipman & Goodwin was retained by the Town of Greenwich to investigate allegations made by Inga Boudreau about her supervisor Mario Gonzalez and I conducted the investigation," and that "all of [her] communications with the Town of Greenwich are protected by the attorney-client privilege." (Goodstein Letter, Mar. 16, 2006, Ex. B to Town's Compliance with Order re Pending Discovery Motions Paragraphs V and VI.) Regardless of the use of the word "mediator," it is clear that Attorney Goodstein was acting in her capacity as an attorney during the investigation and was providing legal advice to her clients. As such, her communications with the Town and Town officers is protected by the attorney-client privilege. Moreover, it is difficult to see how her advice is relevant, as there is no claim that her advice was relied upon in making the decision to terminate Plaintiff's employment in March of 2004.

  Finally, Plaintiff claims that the one document constituting correspondence between Al Cava and Defendant Gonzalez should be discoverable. Although no attorney was involved in the communication, the document at issue (Document Number 1 in the Al Cava file) is a reiteration of an attorney's legal opinion and is therefore protected by the attorney-client privilege. The

document is not shown to be relevant or discoverable.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. No. 123] is **granted**, however, the prior ruling is adhered to.  The Town need not produce any additional documents listed on their two privilege logs, as such have been reviewed *in camera* and found to be protected by the attorney-client privilege and the work product doctrine.

SO ORDERED.

Dated at New Haven, Connecticut, November  29 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court